**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Jeffrey Weisen, | Case No. _____ |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| Highland Bancshares, Inc. d/b/a Highland Bank, | |
| Defendant. | |

Defendant Highland Bancshares, Inc. d/b/a Highland Bank ("Highland Bank"), by and through its undersigned counsel, as and for its Notice of Removal of this action to the United States District Court, District of Minnesota, states that:

## REMOVAL IS TIMELY

1. On December 28, 2020, through service of a Summons and Complaint, Plaintiff Jeffrey Weisen ("Plaintiff") commenced an action against Highland Bank in the Second Judicial District, Ramsey County, Minnesota. A true and correct copy of the Summons and Complaint is attached as Exhibit 1.

2. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of the date that Highland Bank was served with the Summons and Complaint.

3. Venue is proper in this District under 28 U.S.C. § 1391.

## REMOVAL IS PROPER BECAUSE IT INVOLVES A FEDERAL QUESTION

4. This is a civil action in which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is removable to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441.

5. This civil action involves claims by Plaintiff Jeffrey Weisen for alleged violations of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Plaintiff alleges that Highland Bank's facility located at 2100 Ford Parkway in Saint Paul, Minnesota does not comply with the ADA.

6. This case arises under the laws of the United States and involves a federal question, and thus is within this Court's jurisdiction under 28 U.S.C. § 1331. Because this action arises pursuant to the laws of the United States in a matter over which this Court has original jurisdiction, the action "may be removed by the defendant…to the district court of the United States for the district and division embracing the place where suction action is pending." 28 U.S.C. § 1441(a). Under the terms of 28 U.S.C. § 1441, the entire action is removable.

## DEFENDANT HAS COMPLIED WITH THE REMOVAL PROCEDURES

7. As required by 28 U.S.C. § 1446(a), Highland Bank has attached as Exhibit 1 to this Notice of Removal a copy of all process, pleadings and orders served upon it relating to the State Court action.

8. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served upon Plaintiff, by and through his counsel of record, and with the Clerk of the Second

Judicial District Court, Ramsey County, Minnesota, the State Court under which Plaintiff initially commenced an action against Highland Bank.

## DEFENDANT PRESERVES ALL DEFENSES

9. The Answer of Highland Bank or other response to the Complaint was not due prior to filing this Notice of Removal. By filing this Notice of Removal, Highland Bank does not waive any defense or counterclaim that may be available to it including jurisdictional defenses. As required under Fed. R. Civ. P. 81(c)(2), Highland Bank will respond to the Complaint within the time set forth therein, unless an extension of the deadline is properly obtained pursuant this Court's approval.

WHEREFORE, Highland Bank respectfully removes the above-referenced cause of action from the Second Judicial District Court, Ramsey County, Minnesota to the United States District Court of Minnesota, submits that no further proceedings be had in Minnesota State Court, and requests such other and further relief as is necessary and proper.

Dated:  January 20, 2021        /s/ *Patrick H. O'Neill, III*
Patrick H. O'Neill, Jr. (#0207950)
Patrick H. O'Neill, III (#0399111)
LARSON • KING, LLP
30 East Seventh Street, Ste. 2800
Saint Paul, MN  55101
(651) 312-6500 | Fax: (651) 312-6618
poneill@larsonking.com
phoneill@larsonking.com

**Attorneys for Defendant**